## STANTON BORROUM v. STATE OF MISSISSIPPI.

### [47 South. 480.]

1. CRIMINAL LAW AND PROCEDURE. Sale of intoxicants. Objections to testimony. Motion for new trial. Supreme court practice.

   Exceptions to rulings on testimony not called to the attention of the trial court in a motion for a new trial will not be cause for reversal by the supreme court.

2. SAME. Same. General law. Special act.

   A conviction for the unlawful sale of intoxicating liquors can be had under a general law, although the offense was committed in a part of the county subject to a previous local law prohibiting such sales and the penalties prescribed in the two statutes are different.

FROM the circuit court of Lafayette county.

HON. WILLIAM A. ROANE, Judge.

Borroum, the appellant, was indicted and tried for unlawfully selling intoxicating liquors, was convicted and sentenced to imprisonment and payment of a fine, and appealed to the supreme court.

By legislative enactment the sale of intoxicating liquors is prohibited within five miles of the state university, located at Oxford, in Lafayette county. The indictment of appellant was however drawn without regard to this special statute, and merely

set forth, in addition to the formally requisite parts thereof, that "Stanton Borroum, late of the county aforesaid, on the 3d day of March, 1906, in said county unlawfully did sell vinous, spirituous and intoxicating liquors in less quantities than one gallon, without first having obtained a license so to do as required by law." It will be noted that the indictment was in form predicated of the general local option law, applicable in Lafayette county.

On appeal the appellant assigned as error that the minutes of the court below failed to show that any order was taken at certain terms of the court between the time the indictment was found and the conviction had. It was also assigned for error that the court below erred in the improper admission and exclusion of certain testimony.

*W. V. Sullivan* and *C. E. Slough,* for appellant.

The indictment does not show whether or not the alleged sale of intoxicating liquor was within five miles of the state university. The judgment of the court below should accordingly be reversed, and the case be remanded for a new trial.

The court below erred in excluding testimony offered in behalf of appellant, and also erred in admitting testimony for the state, as set out in the appellant's assignment of errors.

It does not appear that any order was taken in the case at the September, 1906, term, or the March and September, 1907, terms of the circuit court. The judgment should accordingly be reversed with instructions to the court below to dismiss the case. *Gaiter v. State,* 45 Miss. 441.

*George Butler,* assistant attorney-general, for appellee.

Merely because the sale of intoxicating liquors is, by the statute law, prohibited within five miles of the state university does not prevent a conviction under the general local option law applicable to the county wherein the state university is situated.

This court will not consider whether the court below erred

in the admission and exclusion of testimony, since the motion for a new trial as filed in that court does not specify its rulings thereon. The fact that the appellant's assignment of error mentions such alleged errors of the court below will not help appellant under the circumstances. *Richberger v. State,* 90 Miss. 806, 44 South. 772.

CALHOON, J., delivered the opinion of the court.

On the objection that the indictment does not show that the sale of the liquor was not within five miles of the state university, we have to say that the instrument was good for any sale in the county, and was pleaded to accordingly. If, under the indictment, it was necessary to show by evidence that the place of the sale was not within the five-mile limit, which we do not decide, we think it was shown by the witness Wiley Johnson, who testified for the defendant, that his residence was twelve miles northeast of Oxford, and that the residence of Parks, where the sale was made, was four or five miles further away.

We cannot consider the objections to the admission and exclusion of testimony, because, as the motion for new trial does not specify them, under the *Richburger case,* 90 Miss. 806, 44 South. 772, we cannot properly reverse. The jury manifestly believed the testimony for the state. It is to be noted in reference to the other matters adduced in the assignment of errors, that they are covered by Code 1906, § 4936, prohibiting reversals on technical grounds therein stated. We find no error in the charges.

*Affirmed.*